## Robert Hall v. The State.

No. 8465.   Decided March 26, 1924.

Rehearing denied May 7, 1924.

**1.—Murder—Malice—Sufficiency of the Evidence.**

Where, upon appeal from a conviction of murder, this Court observes no departure from the approved definitions of malice and malice aforethought, and is unable to bring itself in accord with the position taken by the appellant to the effect that the facts exclude the issue of murder, and

the evidence being sufficient to sustain the conviction, there is no reversible error. Following: McKinney v. State, 257 S. W. Rep., 258.

2.—Same—Adequate Cause—Manslaughter—Charge of Court—Requested Charge.

Where, upon trial of murder, the court's charge upon manslaughter was adequate to preserve the rights of the accused, and the whole matter was repeated in a requested charge which was submitted, there is no reversible error.

3.—Same—Self-Defense—Defense of Property, etc.

Where, upon trial of murder, the court charged upon the subject of self-defense, defense of property, and the right to kill in prevention of murder, burglary or theft at night, which was also included in the requested charge, there is no reversible error.

4.—Same—Charge of Court—Amendments.

This court is left without information just what changes were made in the main charge, and for failure of information in respect thereto and specific exception, there is no reversible error.

5.—Same—Evidence—Clothes Worn by Deceased.

Under the evidence it cannot be said that the action of the trial judge in receiving in evidence the jumper worn by the deceased was contrary to the rule admitting such evidence when material to solve a controverted issue of fact. Following: Rezeau v. State, 254 S. W. Rep., 575, and other cases.

6.—Same—Motion for Rehearing—Fifteen Days Limit.

Where the motion for rehearing was not filed within the required fifteen days after the original opinion was filed in this court, and no sufficient reason assigned for failure to do so, the application for permission to file same now must be denied.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable Felix D. Robertson.

Appeal from a conviction of murder; penalty, fifteen years in the penitentiary.

The opinion states the case.

No brief on file for defendant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney, *Shelby S. Cox,* District Attorney, *Wm. McCraw,* Assistant District Attorney, and *Rasbury-Adams & Harrell,* for the State. On question of clothes worn by deceased: Milo v. State, 59 Texas Crim. Rep., 196; Hiles v. State, 79 id., 1; Welch v. State, 66 id., 525; Satterwhite v. State, 78 id., 309; Rezeau v. State, 254 S. W. Rep., 575.

MORROW, PRESIDING JUDGE.—The offense is murder; punishment fixed at confinement in the penitentiary for a period of fifteen years.

On the night of December 31st, 1922, the appellant shot and killed Winfield Knox, a boy about sixteen years of age. The deceased and others, on a bright moonlight night, engaged at a neighbor's house in what was called "tick-tacking," that is, attaching a string to a window and then rubbing the string with a greasy rag, producing a peculiar noise. After engaging in this prank at the home of Caskey, a neighbor of the appellant, the deceased Winfield Knox, Caskey and Cunningham, went to appellant's house, about fifty yards from the home of Caskey. Deceased, using a fish hook, fastened a string to the window of appellant's house while the other parties went some fifteen yards from the house upon the curbing of the sidewalk and rubbed a rag on the string to make a noise. Appellant came out to the door with a shotgun in his hand. Both Cunningham and Caskey hollered to Hall not to shoot, several times. Hall passed both Cunningham and Caskey and approached Knox who waved his hand and "begged Hall not to shoot" and said: "This is Winfield Knox, Hall, don't shoot." Cunningham said: "For God's sake, don't shoot him." Hall threw up his gun to his shoulder, pulled the trigger and said: "I have got the son-of-a-bitch." He then shot. Deceased exclaimed: "My God, you have killed me." Hall hollered to his wife to bring him some more shells.

Appellant's version follows: He was twenty-one years of age, a farmer, and had been married a short time. According to his testimony, he was acquainted with Caskey and Cunningham and knew Knox when he saw him. Unknown persons had on several recent occasions thrown rocks against appellant's house at night. He got a shotgun and took it to his home. On the night of the homicide he heard a sound as if some one was sawing at the door. He got out of bed and went to the door but saw no one at first. A moment later he did see the bulk of some one running south from the house and fired at him as he ran. He stepped back in the house and asked his wife for another shell, not knowing whether he had hit the man or not. Caskey then appeared and said: "This is Caskey, don't shoot." He said further: "Do you know who you have shot?" Appellant said: "No." Caskey then said: "You have shot Knox. He is either shot bad or killed. You had better 'phone for the doctor." Appellant's wife 'phoned for the doctor. Appellant put on his clothes, and after doing so, came out of the house and some one shot at him. The shots scattered around and hit the house. Appellant denied that the shooting occurred in the manner described by the State's witness Cunningham, and said he was twenty-five or fifty feet from the deceased; that the night was dark, and that when he fired, he did not know whether it was a white man or a negro whom he saw.

We have observed no departure from the approved definitions of malice and malice aforethought (Flewellen v. State, 83 Texas Crim. Rep. 579) and are unable to bring ourselves in accord with the posi-

tion taken by the appellant to the effect that the facts exclude the issue of murder. McKinney v. State, 96 Texas Crim. Rep., 342, 257 S. W. Rep., 258.

The paragraphs of the charge touching the subject of adequate cause and submitting the issue of manslaughter to the jury for a finding, in the judgment of this court, were adequate to preserve the rights of the accused and properly inform the jury of the law on the subject. Moreover, the whole matter was repeated in a charge on the same subject prepared by appellant's counsel and given to the jury.

In Paragraph No. 13, the court charged upon the subject of self-defense, covering both real and apparent danger to the person of the appellant and his family. There is also embraced therein a charge on the law of defense of property. In another paragraph, there is an instruction upon the right to kill the deceased if by his acts or his words, coupled with his acts, it is made to reasonably appear to the appellant that it was the intent of the deceased to commit the offense of murder, burglary or theft at night. The same subjects are embraced in appellant's Special Charge No. 3, which was read to the jury. In that charge the jury was instructed that a verdict of not guilty should result if the fatal shot was fired upon a mistaken belief or impression that the deceased and his companions were present on his premises for the purpose of killing him or any member of his family, or inflicting upon either of them serious bodily injury, or to make a violent attack upon and injure the appellant's property, or were present for the purpose of committing burglary or theft. This charge, in connection with the court's main charge, was deemed quite sufficient to present the law in its most favorable aspect to the appellant.

Appellant complained of the fact that the court embraced in his main charge an instruction upon the right to kill in the prevention of murder, burglary or theft. The same subjects having been submitted in the special charge, the complaint cannot be tenable. We are not prepared to say, however, that there was any impropriety in submitting them. We infer from the record that the learned trial judge endeavored by giving the special charges and by amendment of his main charge to meet the criticisms addressed to it after it was examined by the appellant's counsel.

Concerning the bill of exceptions addressed to the court's charge, it seems that after the charge was prepared and after appellant's counsel had examined it, and written his objections to it, the trial judge made various changes in it, and also gave the special charges which were prepared by appellant's counsel to correct or supplement the main charge. We are left without information just what changes were made in the main charge. Such knowledge should be conveyed so that this court may be made acquainted by specific exceptions to such phases of the charge as were deemed inaccurate, improper or in-

97 T. C.—11

complete, and which have been revised in response to the original exceptions addressed to it. Pinkerton v. State, 249 S. W. Rep., 1068; McKinney v. State, 96 Texas Crim. Rep., 342; Gill v. State, 84 Texas Crim. Rep., 531. The whole question as to just what was done being somewhat indefinite, we have examined the charge, the objections to it, and the special charges, and are of the opinion that in submitting the case to the jury, there is no affirmative vice in the charge and no omission prejudicial to the appellant.

Between the evidence of the State and the appellant, there was a material variance touching the relative position of the parties at the time the fatal shot was fired. According to the appellant, they were separated by a distance of from twenty-five to forty or fifty feet. The State's evidence brought the appellant within three to six feet of the deceased. This distance was of some moment, bearing upon the ability of the appellant to recognize the deceased and to ascertain his defenseless condition at the time the shot was fired and to hear his language advising the appellant of his identity and protesting against his injury. According to the record, the shot was so small that at a distance of thirty or forty feet, it would have made a different kind of a wound from that which was found upon the deceased. The character of the wound and the character of the location of the hole in the jumper which was worn by the deceased were of a nature coinciding with the State's theory that at the time the shot was fired, the muzzle of the gun was very close to the body of the deceased, and correspondingly contradicting the theory of the appellant. The effect of the firing upon the jumper was on the front. It is appellant's theory that he fired while the deceased was running away from him. Under the evidence, it cannot be said that the action of the learned trial judge in receiving the jumper in evidence was contrary to the rule admitting such evidence when material to solve a controverted issue of fact. See Rezeau v. State, 95 Texas Crim. Rep., 323, 254 S. W. Rep., 575; Aldridge v. State, 91 Texas Crim. Rep., 648, 241 S. W. Rep., 145; Branch's Ann. Tex. P. C., Sec. 1855.

Finding no error, the judgment is affirmed.

*Affirmed.*

ON APPELLANT'S APPLICATION FOR PERMISSION TO FILE MOTION FOR

REHEARING.

May 7, 1924.

HAWKINS, JUDGE.—Motion for rehearing was not filed within the required fifteen days. Appellant now presents a request for permission to file such motion which is tendered in connection with the request. The reason assigned for failure to file the motion in time is illness on the part of appellant's attorney. The record shows that three attorneys represented accused at his trial. Only one seems to

have participated actively in preparing the record for appeal, and was also present in this court and made oral argument on the original submission. He secured a copy of the opinion affirming the judgment in ample time to have filed the motion for rehearing. There is no claim that he was ill. Conceding that one of the attorneys was prevented by illness from preparing the motion, there is no claim that the other two were unable to do so, one of these being the attorney who should have been most familiar with the record on account of his connection with its preparation and presentation in this court. We are constrained to hold that no sufficient reason has been shown excusing the failure to file the motion in proper time.

However, with a desire always to do substantial justice, and with power during the term to correct errors in our judgments with or without motions, we have carefully examined the one accompanying the request for permission to file. It reiterates and enlarges criticisms of the charge the same as were presented on original submission. We have also again examined the main charge submitted, the exceptions thereto and the special charges given at appellants request. Applying the well established rule that the charges given must be considered together as a complete instrument, we do not believe it at all likely that the jury could have been confused or misled thereby as appellant again urges. Feeling sure our former opinion made a correct disposition of the case, and that the motion, if considered, would make no change in the views heretofore expressed, the request to now file the motion is denied.

*Motion denied.*