JACK B. JACKSON V. THE STATE.

No. 9454.   Delivered October 21, 1925.

Rehearing Denied March 3, 1926.

1.—Murder—Evidence—Held Properly Admitted.

Where, on a trial for murder, appellant having placed a witness on the stand and proven by him a part of a conversation between witness and the deceased, after the shooting the state was entitled then to prove all of the conversation. Art. 811, C. C. P., so provides. Under that Statute we think that the testimony given by the witness Allred, was also admissible as being clearly germane to and explanatory of the deceased's statement made in the conversation first brought out by appellant.

2.—Same—Bill of Exception—Multifarious—No Error Presented.

Where a bill of exception complains of all the testimony detailed by a witness, and it is manifest from an inspection of the bill that at least a portion of the testimony was clearly admissible, and objection to the whole of same would not be tenable. If there was any particular portion of said testimony that appellant deemed inadmissible, it was his duty to segregate that portion and to level a proper objection thereto. As presented in his bill, no error is shown.

3.—Same—New Trial—Newly Discovered Evidence.

It is well settled that a new trial will not be granted for the newly discovered evidence of a witness, whose testimony would have been discovered by the use of ordinary diligence. When an appellant sets up in his motion for a new trial, that a newly discovered witness would testify to statements made by deceased to appellant in her presence, and on the trial appellant who testified in his own behalf made no reference to such statements made him by deceased, such evidence cannot be said to be newly discovered, nor can it be so said of a witness duly subpoenaed and present on the trial with whom appellant's counsel had talked during the trial. Following Patton v. State, 209 S. W. 664.

ON REHEARING

4.—Same—Charge of Court—Practice in Trial Court.

Where an exception made to a paragraph of the main charge and a requested charge covering said paragraph is presented, the court having adopted the special charge and embraced it within the main charge, the exception is eliminated. If appellant was still dissatisfied with the charge as corrected, it would be neccessary for him to file exception to the amended charge, in order to avail himself of such objection. See Hale v. State, 97 Tex. Crim. Rep. 158.

Appeal from the District Court of Wichita County. Tried below before the Hon. Guy Rogers, Judge.

Appeal from a conviction for murder, penalty twenty-five years in the penitentiary.

The opinion states the case.

*John M. Martin* and *Jos. H. Aynesworth* of Wichita Falls, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the District Court of Wichita County for the offense of murder and his punishment assessed at confinement in the penitentiary for a term of twenty-five years.

The state's testimony shows an unprovoked killing while appellant's theory and his testimony is to the effect that the killing was purely accidental.

There are many complaints contained in the record but we do not deem it necessary to discuss many of them. We think that there are but two questions raised that are of sufficient importance to warrant discussion. Appellant by a proper bill of exceptions objected to the testimony of Allred, the district attorney, concerning a conversation had between the said district attorney and the injured party while said injured party was in the hospital and shortly before his death. It is conceded that this testimony of Allred was not offered as either a part of the res gestae or as a dying declaration of the deceased. The testimony of Allred, to which objection was made and to which exception was reserved, is in substance that he in company with others went to the deceased's residence and found some checks which had been torn up and that a part of one of the checks was on the floor and that the balance of it was found in a stove on the premises and that he found certain checks on the person of the defendant and that on his way back to Wichita Falls, he found another check that was torn, the same being a fifty dollar check, which appellant admitted that he had received from the deceased that night. In addition to this Allred testified that he heard Dr. Heyman testify in the case and heard him state that the deceased said that the appellant was the best friend he ever had and in explaining this conversation that he, Allred, had with deceased in which the above statement was made, the witness detailed the balance

of the conversation had between him and deceased at the time, stating that deceased told him among other things that he did not know why appellant shot him but that he whipped out his gun and shot him before he knew it, and right in that connection he made the statement about which Dr. Heyman had testified, that appellant was the best friend that he had ever had, and also stated that they were interested together in the game of cards that was played that night at deceased's home and the substance of the witness' testimony as to deceased's statement is that he and appellant were playing together and robbing another player in the game. Appellant objected to this testimony on the ground that it was hearsay and was not admissible under any of the exceptions to the admission of hearsay evidence. This testimony was during the trial excluded by the court and the jury was instructed to utterly disregard the same, but appellant's contention is that it was of such inflammatory nature as to make its admission reversible error although it was afterwards excluded. We cannot agree with appellant's contention. In the first place, we are not satisfied that the testimony was of such an inflammatory nature as to make its withdrawal by the court impracticable. In the second place, we think the testimony was clearly admissible under the record as made in this case. Appellant had placed Dr. Heyman on the witness stand before this witness was called by the state and Dr. Heyman had testified that he heard the deceased tell the witness Allred he, meaning the appellant, was the best friend the deceased had in the world. Under Art. 811, C. C. P. when part of a conversation is given in evidence by one party, the whole of the same subject may be inquired into by the other, and when a detailed declaration or conversation is given in evidence any other act or declaration which is necessary to make it fully understood or to explain the same may also be given in evidence. Under this statute, we think that the testimony given by the witness Allred was clearly germane to and explanatory of the deceased's statement to the effect that appellant was his best friend.

Again, we may say in passing that the bill of exceptions shows that the objection was made to all of the testimony detailed by the witness Allred. It is manifest from an inspection of the bill and of Allred's testimony as given therein, that at least a portion of said testimony was clearly admissible under any rule that was ever pronounced by this

court and a part of said testimony being admissible, an objection to the whole of same would not be tenable. If there was any particular portion of said testimony that appellant deemed inadmissible, it was his duty to segregate that portion of said testimony and to level a proper objection thereto, and failing so to do, he cannot be heard to complain because a general objection to all of said testimony was not sustained.

Appellant also complained at the court's action in refusing him a new trial because of the newly discovered evidence of the witness Lelia McWhirter and of the witness Cora Vestal. The affidavit of the said Lelia McWhirter is to the effect that while the deceased was on the ground at the place where the shooting occurred and after he had been shot, that she saw the appellant go to him and talk to him and heard the deceased say to the appellant "That is all right, Jack, you couldn't help it." The witness further testified in her affidavit that she had never told the above statement to either of the attorneys representing the appellant, or the appellant, but further testifies that she was subpoenaed as a witness by the state and was present in attendance upon the court as such witness and that one of the attorneys representing the defendant came to her and asked her what her testimony was, and what she knew of the facts concerning the case, that she did not make reply except to the question asked by said attorney if she had heard the said Walter Jones state that he had been shot accidentally, and she replied that she had not heard the said Walter Jones make such statement.

There is also attached to the motion for a new trial the affidavit of appellant's counsel giving practically the same version of his examination of said witness at the time of the trial and his inquiry as to her knowledge of the facts that is given in the affidavit of the witness herself. It is a well settled rule that in addition to setting forth the facts of which the new testimony consists, the defendant must also satisfy the court that the new testimony has come to his knowledge since the trial and that it was not owing to the want of due diligence that it was not discovered sooner. We are not prepared to say that appellant has shown due diligence with reference to the knowledge possessed by this witness of the facts in this case; in fact, her affidavit seems to indicate to the contrary. She says in said affidavit that when asked what she knew of the facts concerning the case that she did not make any reply except to the question asked, if she had

heard the deceased state that he had been shot accidentally. It seems clear to us that if the deceased told the appellant in her presence "that is all right, Jack, you couldn't help it" that the appellant must have been conscious of this fact and being cognizant of it, it was certainly his duty to so advise his counsel, and if the question had been asked this witness concerning this particular matter, there is nothing in this record to indicate that she would not have correctly answered it. The statement of facts discloses that appellant knew immediately after the shooting that Vestal and his wife and another strange woman were at the scene where the shooting occurred and the slightest inquiry on his part, or on his counsel's part, ought and would have advised him as to the identity of this woman, and he therefore cannot be heard now to say that he had no knowledge of her presence at the time about which she testifies. Another difficulty about the statement of this witness is found in the fact that although the appellant testified fully and in detail in his own behalf yet we have searched this record in vain for any statement from him to the effect that the deceased used the language found in the affidavit of this witness.

Again the general rule has often been stated that when it appears that the testimony of the proposed new witness to be given on the trial would have been merely cumulative of that adduced on the trial, it affords no ground for granting a new trial as newly discovered testimony. Applying this rule to the facts in this case, we are forced to conclude that if said witness had testified, her testimony would have been at least in a measure cumulative of that of the witness George Burton, who testified on the trial of the case. This witness on the trial testified that the deceased said: "We never did have any words; we have always been good friends; I cannot help but believe that it was an accident and want to go believing that way." We fail to see how it can be seriously contended that this is not in effect the same as saying that the defendant "could not help it."

There was no error in the court's action in refusing a new trial on the ground of the newly discovered evidence of the witness Lelia McWhirter. Sec. 200, 203 Branch's P. C., and the authorities there cited.

What has been said with reference to the alleged newly discovered evidence of the witness Lelia McWhirter, applies with equal force to that of the witness Cora Vestal. By her

affidavit she avers her willingness to testify that the deceased said shortly after he was shot "Jack could not help it; I don't want anything done with him." In addition to what has already been said with reference to the affidavit of the witness Lelia McWhirter, we observe from the record that the appellant himself testified that he knew that the witness Cora Vestal was present at the scene of the killing when the statement of the deceased was alleged to have been made and her affidavit discloses the fact, on its face, that neither the appellant nor appellant's counsel had talked to her at any time before the trial of the case was concluded. The court, correctly, in our opinion refused to grant the motion for a new trial based on the question of newly discovered evidence. In addition to the authorities above cited, also see Patton v. State, 209 S. W. 664.

Various other errors are set up by appellant in this record, each of which have had our careful consideration; but believing that no reversible error is shown by any of them, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant excepted to the charge in the following language: "The court nowhere in said main charge defines the term 'accidental' nor does the court give in charge to the jury the law governing homicide by accident or misfortune." In connection with this exception appellant tendered a special charge and asked that it be given in lieu of the fifth paragraph of the main charge. The requested charge is in the exact language of the 5th paragraph of the main charge. This is explained by a statement of the learned trial judge who says in qualifying the bill: "The objection was made to the court's charge as first presented, a requested charge being presented to correct paragraph five of the charge, whereupon the court interlined the charge so that when presented to the jury the same conformed to the exact language of the requested charge."

The fifth paragraph of the charge now reads as follows: "If you believe from the evidence that the deceased met his death as a result of an accidental gunshot wound, or if you have a reasonable doubt whether the deceased met his death as a result of an accidental gunshot wound, then in either event you will acquit the defendant and say by your verdict 'not guilty'."

It is impossible for this court to know how said fifth paragraph read prior to its correction, but if further exception was urged after the interlineation the record fails to show it. If appellant was still dissatisfied with the. charge as corrected it would be necessary for him to file exception to the amended charge in order to avail himself of such objection. Hall v. State, 97 Tex. Crim. Rep. 158, 260 S. W. 878. By persuasive argument it is now urged that the court should have defined what was meant by the term "accidental." From what has been said it follows that we do not think this question is properly before us, but if so, we are of the further opinion that it was not necessary for the court to define the term "accidental." The issue of accidental killing was in no way complicated by the charge as involving a careless or negligent handling of the gun. The word "accident" is of such common meaning that we think under the facts of the present case the court was not called upon to explain or define it. Cases might arise where the issue of accident was so involved with negligence that it would be necessary for the court to differentiate them so the jury might not be confused in passing upon the issues, but that does not arise in the present case.

The other matters complained of in the motion we think were sufficiently discussed and properly decided in the original opinion.

The motion for rehearing is overruled.

*Overruled.*