R. BUTLER V. THE STATE.

No. 10219.   Delivered June 9, 1926.

Rehearing denied October 27, 1926.

1.—Murder—Continuance—Properly Refused.

Where a motion for a continuance is presented on the ground that a character witness is absent, the rule is that if the trial court in the exercise of his sound discretion refuses such continuance sought only to secure proof of the good character of the defendant, such ruling will not ordinarily cause a reversal. No abuse of the court's discretion being shown in this case, no reversible error is presented. See Duncan v. State, 30 Tex. Crim. App. 1, Yarborough v. State, 147 S. W. 270.

2.— Same — Confession of Accused — Its Voluntary Character — Properly Submitted.

Where two confessions of the accused were introduced by the state, and the court charged the jury that they could not consider them unless the same were freely and voluntarily made, this charge sufficiently presents for the determination of the jury the voluntary character of such confession.

**3.—Same—Charge of Court—On Defensive Issue—Held, Correct.**

The court's charge should affirmatively submit appellant's defensive issues and apply the law to the facts presented by the evidence. This was done in the instant case, and the charge on an accidental killing was pertinent to the facts as shown by the testimony offered by the appellant.

**4.—Same—Evidence—Improper Answers of Witness—Condemned.**

Where officers are testifying as witnesses in a case, and volunteer answers to questions which they know are improper, thus making themselves sharpshooters for the state, the trial court in all fairness ought not only to exclude the testimony but ought to reprimand the witness for giving it. In this case the answer of a peace officer assailing the general reputation of the accused, that he based his opinion on the fact that he had appellant in jail, was improper and reprehensible, but does not warrant a reversal of the case.

**5.—Same—Argument of Counsel—Not Improper.**

There was no error in the argument of the District Attorney, as complained of by appellant. It was in the nature of an appeal for law enforcement and presented no facts which were not disclosed by the record in this case.

ON REHEARING.

**6.—Same—Charge of Court—Objections To—Practice in Trial Court.**

Where an objection in writing is presented to the charge of the court, and after the court has amended his charge to meet the objections raised, if such charge as amended is not acceptable, counsel must then renew and present further written objections to the charge as amended. This is necessary to be done under Arts. 658 and 660, C. C. P. 1925. Not having complied with this provision of our statute, there is no error presented in appellant's criticisms of the court's charge, and the motion for rehearing is overruled. Following Ball v. State, 97 Tex. Crim. Rep. 158, and Jackson v. State, 280 S. W. 878.

Appeal from the District Court of Jones County. Tried below before the Hon. Bruce W. Bryant, Judge.

Appeal from a conviction of murder, penalty ten years in the penitentiary.

The opinion states the case.

*Brooks, Smith & Robinson* of Anson, for appellant. On the admission of his confession, appellant cites:

Carr v. State, 268 S. W. 468.

Hammer v. State, 277 S. W. 392.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is murder, punishment fixed at ten years in the penitentiary.

The appellant filed a first application for a continuance on account of the absence of the witness Kinard, and in the application he alleged that he expected to prove by Kinard that he bore a good reputation as a peaceable, law-abiding citizen in the community where he lived. The rule is that if the trial court, in the exercise of his sound discretion, refuses a continuance sought only to secure proof of the good character of the defendant, such ruling will not ordinarily cause a reversal. Duncan v. State, 30 Tex. Crim. App. 1, 16 S. W. 753; Yarborough v. State, 147 S. W. 270. We think there was no abuse of the court's discretion shown in this matter.

There are various bills of exceptions in the record complaining of the court's action in refusing to submit to the jury the question of the voluntary character of the confession introduced in evidence. It may be conceded for the purpose of this case that this was a proper matter for submission to the jury under the facts disclosed by this record. There were two confessions introduced—one purporting to have been taken by G. G. Flournoy, another purporting to have been taken by J. E. Robinson, County Attorney. The court, in submitting these confessions, instructed the jury that they would not consider same as any evidence against the defendant or for any purpose whatever unless, first, he had been warned that he did not have to make any statement at all; second, that any statement made by him may be used in evidence against him on the trial for the offense concerning which the confession is made; and third, unless it appears that the same was freely and voluntarily made. We think this charge correctly presented the matter for the consideration of the jury. We are rather disposed to think that the objections found in the record were leveled at the charge as originally written; and it appears that same was corrected so as to include the statement that the confession could not be used unless same was freely and voluntarily made. Morris v. State, 39 Tex. Crim. Rep. 371, 46 S. W. 253.

The appellant also objected to the court's charge submitting the issue of accident. It is his contention that same merely stated an abstract proposition of law, did not properly apply the law to the facts, and that it negatively presented to the jury the defendant's theory of self-defense. We think the charge on accident was a pertinent application of the law of the case to the facts as shown by the testimony offered by the appellant.

In different and separate paragraphs of the court's charge, he pertinently submitted the law of self-defense as applicable to both real and apparent danger. We are constrained to hold

that there is no merit in the appellant's complaint of the charge of the court.

There is also a complaint in the record to the effect that, while the assistant chief of police of Stamford was testifying in behalf of the state, after he had testified on direct examination that he knew the general reputation of the defendant as being a peaceable and law-abiding citizen or the contrary, and that the same was bad, he was then asked on cross-examination by the defendant who he ever heard discuss the defendant's reputation; and he stated that he did not know that he had ever heard anybody discuss it. The bill shows that at this point defendant's counsel asked the witness the following question:

"How do you know his general reputation if you never heard it discussed?"

To this question the witness answered:

"From the fact that we have had him in court."

Appellant asked the court to exclude this answer from the jury, and the court refused to do so. While we do not think that the matter is of sufficient importance to require a reversal of the case, yet we cannot too severely condemn the practice of some peace officers in injecting into their testimony matters that all persons who have the slightest familiarity with court procedure know are not admissible. The practice is indulged in too often by interested witnesses of making themselves sharpshooters for the state and is to be condemned, and when it occurs, the trial court, in all fairness, ought not only to exclude the testimony, but ought to reprimand the witnesses for giving it. We cannot say, however, that the mere fact that the witness stated that he based his opinion on the fact that they had had the defendant in court will, in itself, justify a reversal of this case. We are bound to presume that the jury were intelligent men, and if so, the making of this statement could have had no other tendency than to convince the jury that the witness knew nothing as to the general reputation of the appellant.

We think that the argument of the District Attorney complained of is not of such importance as to justify a reversal of the case. It was rather in the nature of an appeal for law enforcement and, in our opinion, it presented no facts which were not disclosed by the record in the case.

Finding no reversible error in the record, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been

examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant again asks us to consider his bills of exception two and three, insisting that they show prejudicial error committed by the trial court. Two confessions of appellant were introduced in evidence, issue being raised as to their admissibility. In the eighteenth paragraph of his charge the court undertook to instruct the jury relative to this matter. Appellant filed written objections to said charge, the gravamen of which was that the court had failed to tell the jury they must find that the confessions were "freely and voluntarily" made before they could be considered. In approving the objections so filed in writing the court distinctly says he changed paragraph 18 in an effort to meet the objections urged. We find that in said paragraph the jury was instructed that unless they believed the confessions were "freely and voluntarily" made they could not be considered for any purpose. By bills of exceptions two and three appellant undertakes to bring before the court renewed objections to the charge, insisting that the court should have gone further in amplifying his instructions upon the subject. We believe. these bills cannot be considered. Article 658, C. C. P. (1925 Revision), provides that before a charge is read to the jury, accused or his counsel shall have a reasonable time to examine it and present any objections thereto in writing, distinctly specifying each ground of objection. Article 660, C. C. P. (1925 Revision), provides as follows:

"After the judge shall have received the objections to his main charge, together with any objections offered, he may make such changes in his main charge as he may deem proper, and the defendant or his counsel shall have the same opportunity to present their objections thereto, *and in the same manner as is provided in Article 658.*"

While the bills mentioned recite that appellant renewed his objections to the charge relating to the confessions, it does not appear from these bills, nor from any other document in the record, that after the court amended paragraph 18 that counsel then filed renewed or further "written" objections to the charge as amended. We understand this to be a prerequisite under the provisions of the statute referred to. See Hall v. State, 97 Tex.

Crim. Rep. 158, 260 S. W. 878; Jackson v. State, — Tex. Crim. Rep. ——, 280 S. W. 808.

Other questions raised in appellant's motion we deem to have been properly disposed of in the original opinion and think they do not call for further discussion.

The motion for rehearing is overruled.

*Overruled.*