RICH MARTIN V. THE STATE.

No. 10773.   Delivered April 6, 1927.

Rehearing denied May 25, 1927.

**1.—Manslaughter—Bill of Exception—Multifarious—Practice on Appeal.**

Where a bill of exception sets out the court's entire charge, together with all of the objections and exceptions urged thereto, without specifying any particular portion of the charge objected to, such bill is too indefinite to demand consideration on appeal.   Following Nugent v. State, 273 S. W. 598.

**2.—Same—Charge of Court—On Different Defensive Theories—Correct.**

Under the facts, as they are often presented, the issue of self-defense and manslaughter, is presented under the same identical facts, and it would be error to fail to charge affirmatively, under such facts, both of such theories, and there was no error in the instant case in so submitting such issues.   See Crouch v. State, 103 Tex. Crim. Rep. 195, on rehearing.

**3.—Same—Charge of Court—As Corrected—No Error Presented.**

Appellant's objection to the court's charge in failing to submit his right of self-defense, as against both the deceased, and Mack Jones, appears to have been met by the court in amending his charge, as this issue was fairly presented in other paragraphs than the one objected to by appellant.   In the event, however, that there was error in this respect, it was not of such harmful character as would authorize a reversal, under Art. 666, C. C. P., 1925.

ON REHEARING.

**4.—Same—Charge of Court—Exceptions To—Practice in Trial Court.**

Where objections are made to the court's charge, and the charge is amended to meet such objections, if appellant is not then satisfied with the

charge, he should make it known to the trial court by additional objections, after the charge is amended. Such is the positive provisions of Art. 660, C. C. P. Following Hale v. State, 97 Tex. Crim. Rep. 150, and other cases cited on rehearing.

Appeal from the District Court of Freestone County. Tried below before the Hon. J. R. Bell, Judge.

Appeal from a conviction for manslaughter, penalty two years in the penitentiary.

The opinion states the case.

*R. L. Williford* and *P. O. French* of Fairfield, for appellant. On right of self-defense as against more than one assailant, appellant cites: Black v. State, 145 S. W. 947; Seeley v. State, 63 S. W. 309; Brookston v. State, 242 S. W. 234; Carter v. State, 35 S. W. 378; Menly v. State, 9 S. W. 560; Cotton v. State, 217 S. W. 159; Singleton v. State, 216 S. W. 1094; Claxton v. State, 288 S. W. 445; Dixon v. State, 289 S. W. 46; Cartwright v. State, 16 Tex. Crim. App. 487, and Harris v. State, 20 Tex. Crim. App. 655.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of manslaughter, and his punishment assessed at two years in the penitentiary.

The record discloses that the appellant was charged by indictment with the offense of murdering Ed Barnes on or about February 7, 1926, and was convicted of manslaughter. It was the contention of the state that the deceased and appellant became involved in a controversy over a game of cards, and that appellant shot and killed deceased without provocation and while deceased was unarmed. The appellant contended that he had won in the game, which caused deceased to become angry and to begin quarreling with him; that he informed deceased that if the latter was going to "squabble" he would quit the game, and that he did quit; that deceased by reason thereof cursed and abused him and advanced toward him with his right hand in his pocket; that he, appellant, backed away and requested one Mack Jones to stop deceased; that Mack Jones requested deceased to stop and put his right hand on deceased's shoulder, that as appellant continued to back away he noticed that deceased was following him and that Mack Jones was walking along with deceased, having his right hand on deceased's shoulder

and having a gun in his left hand; and that appellant, thinking his life was in danger, shot and killed deceased. The appellant also contended that he observed that Mack Jones was making no effort to stop deceased, and that he immediately shot as soon as he saw the pistol in Mack Jones' hand. The state introduced evidence to the effect that Mack Jones had no pistol at the time of the homicide, and that he was interceding in behalf of the appellant.

The record contains seven bills of exception. Bill No. 1 sets out the court's whole charge, together with all the objections and exceptions urged thereto, without specifying any particular portion of the charge objected to. This bill is entirely too indefinite and uncertain to demand our consideration. Nugent v. State, 273 S. W. 598.

Without discussing the remaining bills of exception, which copy in full the entire charge of the court and a portion of the objections and exceptions urged thereto, all of which are qualified by the court, it appears, if we understand correctly the contentions made by appellant, that the first main objection urged is that, by reason of the court's action in charging on manslaughter and in applying the law applicable to the facts also relied upon by him for self-defense, he was thereby deprived of an untrammeled charge on self-defense, which was calculated to lead the jury to believe that the court was of the opinion that he was guilty of manslaughter under the facts which were relied upon for self-defense. We are not in accord with this contention and are of the opinion that there is no error shown in this part of the court's charge. It often occurs that it is necessary for the trial court to charge on manslaughter by reason of the same facts which are relied upon for self-defense, wherein the jury would be called upon to decide whether or not those facts constituted adequate cause which rendered the mind incapable of cool reflection, and when the appellant acted under such state of mind and did not believe that he was in danger of death or serious bodily injury. In such cases it is the duty of the trial court to charge properly on manslaughter and self-defense and leave it to the jury to determine the appellant's state of mind. That was done in the instant case, and in charging on manslaughter the court instructed the jury to find the appellant guilty of manslaughter if they believed he was acting under passion arising from adequate cause "and not in defense of himself against an unlawful attack, real or apparent, producing a reasonable expectation or fear of death or serious bodily injury to himself," etc. This was the effect of the holding of this court

in the case of Couch v. State, on rehearing, 103 Tex. Crim. Rep. 195, 279 S. W. 821.

The appellant's second contention is that the court erred in applying the law of self-defense, in that the court's charge wholly ignored the acts and conduct of the said Mack Jones, who was advancing toward appellant with deceased at the time of the homicide and with a drawn pistol in his hand, according to appellant's testimony. The court qualifies the bills raising this question by stating that there was no testimony showing that Mack Jones was acting with the deceased or taking any part in the difficulty except in behalf of the appellant, and that said Jones denied having a pistol, and that Jones took the part of appellant in the difficulty over the card game, and was attempting to dissuade deceased from interfering with appellant, and told deceased to leave appellant alone, and that appellant's testimony was to the effect that he did not intend to hurt Jones and could not say that Jones was trying to hurt him and that he had never had any cross words with Jones. It is very doubtful as to whether or not the testimony required the court to charge at all on the acts and conduct of Jones in connection with the appellant's right of self-defense. However, the court, in charging on the issue of self-defense, instructed the jury, in effect, that if they believed that the deceased was cursing and abusing appellant "with his right hand in his pocket as if to draw a weapon and that one Mack Jones was accompanying deceased with a pistol in his left hand, or that the deceased and Mack Jones, or either of them, acted in such a manner as to cause defendant to believe, and the defendant did believe, that the said Ed Barnes was then making or about to make an assault upon defendant," etc., to acquit appellant. Taking the charge on self-defense as a whole, we are of the opinion that it is not susceptible to the criticism urged by appellant against it and that the jury understood from said charge that in passing upon the defense of the appellant they could consider the acts of Mack Jones in connection with those of the deceased. If any error was committed by the trial court in failing to charge more definitely on the alleged acts and conduct of said Jones, same was not of such a harmful nature as to result in injury to the appellant or cause the jury to fail to consider the acts of Jones in connection with the acts of deceased. Art. 660, C. C. P., precludes this court from reversing a case on the charge of the trial court unless said charge, under the facts, discloses injury to the appellant, and we think said article is peculiarly applicable to this case.

We have carefully examined all of appellant's bills of excep-

tion and have reached the conclusion that there is no reversible error shown in the record. The judgment of the trial court is therefore affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant renews complaint that the court did not sufficiently charge upon his right to act upon the hostile demonstration of either deceased or Jones. It is true the court did not in so many words instruct the jury that where there may be more than one assailant the party attacked may act upon the hostile demonstration of either, but it is not necessary that the court employ any particular words to convey information to the jury as to the principles of law applicable. One of the objections urged to paragraph 14 of the charge was:

"Because said charge wholly ignores the fact that Mack Jones was acting with said Ed Barnes and was advancing on defendant with a drawn revolver, and nowhere in said charge gives the defendant the right to act, as he viewed acts and conduct of both said parties, from his standpoint at the time."

In taking note of this objection the court appends the following statement:

"Refused, except in so far as paragraphs 10-11 and 14 of the original have been changed by the court, in conforming in part with the objections above mentioned."

It is fair to assume that paragraph 14 was silent upon the question of Jones' acting with deceased at the time the foregoing objection was presented. It is now apparent from said paragraph that the court corrected it to meet the objection, for there now appears in such paragraph the language quoted in our original opinion which did inform the jury that if deceased and Jones or either of them acted in such manner as caused appellant to believe that deceased was about to make an assault upon him, appellant had a right to act. If appellant was not satisfied with the change he ought to have made it known to the trial court by additional objections after the charge was amended. Such is the positive requirement of Art. 660, C. C. P., which has been given effect in Hall v. State, 97 Tex. Crim. Rep. 150, 260 S. W. 878; Jackson v. State, 103 Tex. Crim. Rep. 252, 280 S. W. 808, and Butler v. State, 105 Tex. Crim. Rep. 228, 288 S. W. 218. In

explanations attached to some of the bills of exception in the record the court makes it clear that the change made in paragraph 14 of the charge was in response to the criticism urged. In the absence of further *specific written* objections to the amended charge appellant is in no position to complain. But aside from this, considering the charge in its entirety, we are confirmed in the view expressed in our original opinion that no harm could have come to appellant from misapprehension upon the jury's part as to the law permitting appellant to act in self-defense based upon the conduct of either deceased or Jones or that of both of them.

The motion for rehearing is overruled.

*Overruled.*