John Kincaid v. The State.

No. 11861.   Delivered May 20, 1928.
Rehearing denied November 21, 1928.

The opinion states the case.

*Lockhart & Garrard* and *F. D. Brown,* of Lubbock, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, Judge.—Conviction is for transportation of intoxicating liquor, punishment being one year in the penitentiary.

About eleven o'clock at night the sheriff of Lynn County in company with one of his deputies was driving near the northwest corner of the ball park in Tahoka when they discovered appellant's car "hung" on a high center in the road. The officers were not looking for appellant but discovered his situation by accident. They stopped their car and tendered aid. When the officers stopped they observed appellant on the opposite side of the car from them reaching in between the seats of the car. They heard glass rattling and saw him take something from the car which "glistened." He removed this object some twelve feet behind the car and placed it on the ground. The officers discovered it to be a gallon jug and a half gallon jug of whiskey. Appellant denied placing it there and said it did not belong to him. After the officers pushed appellant's car off the high center he drove it some twenty or thirty steps and stopped. About the time he stopped the car one of the officers saw him throw something from it. This was found to be a bottle also containing whiskey. Appellant's story detailed by him upon the trial was substantially to the effect that he had taken one Jack Kelly to O'Donnell, some fifteen miles from Tahoka on some business mission; as they were returning to Tahoka Kelly asked him to drive by the ball park so that he might get some whiskey; as he turned a corner near the park his car hung on the high center. Appellant claimed that Kelly had gone into the ball park to get the whiskey and that as he was returning to the car with the gallon and half gallon jug he discovered the officers, set the whiskey down and withdrew into the park; that appellant knew nothing about the bottle of whiskey being in the car until after the officers had aided him in releasing his car from the high center; that he discovered it as he started to get out of the car after having driven it some twenty or thirty steps when he threw it from the car. He also claimed that after the officers left he returned to the park and found Kelly in the gateway, took him into the car and carried him home. The officers affirmed upon the trial that appellant left the scene first; that they watched the light of his car as he departed and saw him drive some distance; that after he had gone they made a further search to see if they could discover other whiskey; that they searched the inside of the ball park and saw no one and discovered no additional liquor. The officers also testified that no one was in or about appellant's car except appellant himself.

Under the facts as above recited the charge prepared by the court and submitted to appellant for examination contained as paragraph five the following language:

"You are instructed that if you find that Jack Kelly placed the whiskey on the ground where same was found by the officers, that is, the one gallon container and the half gallon container, and that the defendant did not know that the bottle of whiskey was in his car until he threw the same out, or if you have a reasonable doubt thereof, you will acquit the defendant."

Unquestionably this was an effort on the part of the court to present appellant's side of the case to the jury, but for some reason appellant filed specific written objections to said paragraph claiming that it in effect required the jury to find that Kelly placed the whiskey on the ground and required the jury to believe that defendant did not know that the bottle of whiskey was in his car until·the same was thrown therefrom, and that said paragraph was upon the weight of the evidence. In response to the written objection the court eliminated paragraph five. By bill of exception appellant attempts to bring forward complaint because the court did not reform and correct paragraph five, instead of eliminating it, but nowhere in said bill is it shown that further "written" objections were presented after the court eliminated the paragraph to which appellant objected. Where instructions are changed in response to written objections and accused is not satisfied with the change he should file further "written" objections. Hall v. State, 97 Tex. Cr. R. 158, 260 S. W. 878; Jackson v. State, 103 Tex. Cr. R. 252, 280 S. W. 808; Butler v. State, 105 Tex. Cr. R. 228, 288 S. W. 218; Martin v. State, 294 S. W. 595. In the absence of further written objections the trial judge would have the right to assume that accused was satisfied with the alterations in the instructions, and objections presented for the first time in a bill of exception filed long after the trial cannot be considered under the statute. (Arts. 658, 660 C. C. P.)

Some special charges were requested. They are only marked "refused," and no exception was reserved to the action of the court. Linder v. State, 250 S. W. 703.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

Appellant renews complaint of the failure of the trial court to affirmatively submit his defensive theory. We have carefully considered the record. If we understand same, the State relied on proof of the fact that the State witnesses saw appellant take from his car two jugs of whiskey, carry same a distance of twelve or fifteen feet,

and place same down not far from the road; also that as appellant drove away from this place he was seen to take a bottle of whiskey out of his pocket and throw it in a ditch.

As stated in our original opinion, the court inserted in his main charge which was submitted to appellant's attorneys prior to being read to the jury, for their inspection and objections to be stated,—that if the jury found that Jack Kelly placed the whisky on the ground where the officers found it, or if they had a reasonable doubt of that fact, and that the defendant did not know that the bottle of whiskey was in his car until he threw the same out, or if they had a reasonable doubt of that fact,—they should acquit the defendant. It passes our understanding how the court could have more pointedly and directly given a charge which covered fully the defensive theories of this case. Upon exception by the appellant to this part of the charge, it was stricken out. Appellant is in no position to complain. The court had in his charge the affirmative defensive theory,—appellant objected at the time to same being submitted, and to meet his objection the paragraph containing said instruction was stricken out. We think the contention of appellant that his exception to said paragraph was based upon some matter of form, to be entirely without merit.

The motion for rehearing is overruled.

*Overruled.*