OLLIE SHIPP AND FORD STRICKLAND v. THE STATE.

No. 13833. Delivered Devember 17, 1930.
Rehearing Denied February 4, 1931.

The opinion states the case.

*Joe D. Bell,* of Paducah, and *Williams & Bell,* of Childress, for appellants.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—Hog theft is the offense; penalty, confinement in the penitentiary for a period of two years.

On the ranch of J. R. Strayhorn situated in Kent County he had some hogs which he owned. They were in the habit of going to a tank on an adjoining ranch. Testifying as a witness, Strayhorn said that he was the owner of the hogs, looked after them, fed them and took care of them. Teague, an employee of Strayhorn on the ranch, also fed the hogs. The appellants had caught and tied several of the hogs and were in the act of catching another when Strayhorn arrived. The appellants fled at the time and later fled the State.

There are three counts in the indictment. In one of them J. R. Strayhorn is named as the owner; in another Lee Teague is named as the owner; and in another it is charged that the hogs taken belonged to Strayhorn but were taken from the possession of Teague. The court instructed the jury on each of the counts. The jury rendered a general verdict of guilty as charged in the indictment. The appellants, by their

testimony, advanced the theory that Joplin claimed the hogs and instructed Shipp to catch and tie them, and that Shipp informed Strickland that the hogs belonged to Joplin and that instructions had been given Shipp to catch them, but this was denied by Joplin. Instructions were given the jury touching all of the defensive theories.

The suggestion that the verdict cannot stand for the reason that it is susceptible of the construction that the appellants were found guilty on each of the counts in the indictment is not deemed tenable. The court should have instructed the jury to designate the count in the indictment upon which their finding was based. If the verdict had assessed more than the minimum penalty, the failure of the court to give such an instruction might present a matter of some difficulty. There is no testimony qualifying that of Strayhorn touching the matter of ownership further than as embraced in his testimony above summarized. There is no evidence tending to show ownership in Teague, and there would be no basis for the assumption that the jury regarded Teague as the owner. Even if there were such testimony, however, the verdict fixing the lowest penalty allowed by law would negative any harmful effect from the action of the court in embracing the several counts in the charge and in failing to tell the jury to designate the count upon which the verdict rested. The case is unlike those of Knott v. State, 93 Texas Crim. Rep., 239, 247 S. W., 520; Modica v. State, 94 Texas Crim. Rep., 403, 251 S. W., 1049, and Goldstone v. State, 114 Texas Crim. Rep., 442, 25 S. W. (2d) 852, in each of which cases the penalty assessed was in excess of the minimum. In this, as in the Guse case, 97 Texas Crim. Rep., 212, there was but one transaction, and the lowest penalty having been assessed, the court concludes that the procedure followed was harmless error.

The court has been favored with no brief for the appellant and has perceived no other matters requiring discussion.

The evidence is sufficient to support the conviction. No errors warranting a reversal having come to the attention of the court, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—There are no bills of exception in this record. Appellants did except, among others, in the following language, to paragraph seven of the court's charge as originally written:

"The defendants object and except to said charge as a whole and particularly to paragraph VII thereof, and same is erroneous in that the same is a negative presentation of the defense of the defendants, and is more burdensome than the law requires in that the jury would be justi-

fied in finding the defendants not guilty whether Wesley Joplin requested
Ollie Shipp to catch said hogs or not, or whether the hog belonged to
Wesley Joplin or not, provided the defendants in good faith believed the
hog to belong to Wesley Joplin or they were under his care, control and
management, or that they fraudulently took the said hog to deprive the
owner of the value thereof and to appropriate the same to their own use,
and the court does not in this paragraph or at any other place in said
charge submit to the jury the defense raised by the evidence of the
defendants that they were merely tying said hogs for the sport of the
thing, and the charge does not affirmatively tell the jury that before they
can convict the defendants or either of them they must believe beyond
a reasonable doubt that the hog was taken by the defendants with the
specific intent at the time of the taking to deprive the owner of the value
thereof and appropriate the same to their use and benefit."

In approving the exceptions taken to the charge when first presented,
the trial court states in his certicate to same, as follows:

"I corrected my main charge in an effort to meet the objections
raised by paragraphs 1st, 2nd, 6th and 7th by inserting paragraphs VI1A
and VI-C and rewriting paragraphs VII and VIII and IX and XII of
my main charge, and the interlineations made in paragraph (nine) IX
were put there at the request and with the approval of defendant's
counsel.

"Bruce W. Bryant, Judge Presiding."

In his exceptions to the charge as corrected and rewritten there-
after, appellants excepted only to paragraph V-A, which exception evi-
dently was respected by the court below, because there is no paragraph
V-A in the charge as same was finally given.

It is true that as part of their exceptions to the corrected charge
appellants state "without waiving their objection and exceptions as
originally made," but this does not amount to an exception to the new or
rewritten paragraph 7 appearing in the court's charge after same was
corrected in response to the original exceptions presented. Article 660,
C. C. P., in so many words, provides that if the judge make changes in
his charge after having received the objections made thereto in writing in
the first instance, the defendant or his counsel shall be given opportunity
to present their objections *thereto and in the same manner as is pro-
vided in Article 658, C. C. P.,* that is, must present to the changed
charge his objections thereto in writing distinctly specifying each ground
of objection,—as is made necessary under said last named article of our
Code of Criminal Procedure. That appellants did not present any fur-
ther objections to the rewritten paragraph seven of the court's charge is
manifest.

We have no sort of means of knowing what was in paragraph 7
of the court's charge as originally presented and excepted to. Exceptions

taken to such paragraphs before same was rewritten, as was done by the court according to his certificate, cannot be considered as having been made after such paragraph was changed. We find nothing in the record to show that appellants even renewed or offered to renew, as applicable to the new charge, objections made to the old one. Hall v. State, 97 Texas Crim. Rep., 158, 260 S. W., 878; Jackson v. State, 103 Texas Crim. Rep., 252, 280 S. W., 808; Martin v. State, 107 Texas Crim. Rep., 46, 294 S. W., 595; Kincaid v. State, 111 Texas Crim. Rep., 1, 10 S. W. (2d) 725. No exceptions having been taken to paragraph seven of the corrected charge, we are not at liberty to pass upon objections to the legal proposition therein announced.

There was a general exception taken to the court's charge as a whole for its failure to instruct the jury that if the defendants, when first accused, gave a reasonable explanation of their *acts,* they would be entitled to acquittal unless the State has shown the falsity of such explanation. We know of no such rule of law as is contained in this proposition. Originally, and at a time when the accused could not testify, this court laid down the rule that in cases where the State relied for conviction of theft and related crimes upon the circumstances of possession of recently stolen property, if the accused, when his right of possession was first called in question, made an explanation of how he came by such property, and the jury believed such explanation to be reasonable and probably true, and that it accounted for defendant's possesion in a manner consistent with his innocence and inconsistent with his guilt,—they should acquit. This, when accompanied by its converse, is still held to be a correct charge in such cases. See Branch's Annotated P. C., Sec. 2465; Wheeler v. State, 34 Texas Crim. Rep., 350, 30 S. W., 913. Upon such facts, however, we have held that where the accused by his own testimony put before the jury his version of the facts upon the trial, and the law of such version be correctly given, this gave to the accused all he was entitled to. Roberts v. State, 60 Texas Crim. Rep., 20, 129 S. W., 611; Hunt v. State, 89 Texas Crim. Rep., 89, 229 S. W., 869. This course was followed in the trial of the case before us, and the court submitted the defensive theory in almost exact accord with appellant's testimony on the trial.

We have examined the other contentions made by appellants, but do not deem them of such materiality as to call for discussion. We appreciate the brief and argument filed in support of the motion, but believe the case correctly decided.

The motion for rehearing will be overruled.

*Overruled.*