### JOHN BLOXOM v. THE STATE.

#### No. 5442.    Decided January 28, 1920.

1.—Murder—Evidence—Examining Trial—Rule Stated.

Where, upon trial of murder and a conviction of manslaughter, it appeared from the record on appeal that the matter of the homicide underwent an investigation before an inquest or an examining trial, and the defendant and his codefendant were called before said court of inquiry and made statements without being warned as to the consequence thereof which were reduced to writing, the same could not be reproduced before the trial jury against the defendant, his arrest having grown out of said homicide and said testimony; neither could the said testimony of his codefendant be used against him, and the same was reversible error. Following: Wood v. State, 22 Texas Crim. App., 431.

2.—Same—Verbal Charges—Felony Case.

The statute requires a charge in writing in felony cases and does not authorize verbal instructions to the jury, and where the court sought to control certain testimony of an impeaching nature by verbal instruction the same was error.

3.—Same—Declarations of Codefendant.

The acts and declarations of parties engaged in the homicide cannot be used except as against the party making them, the transaction being complete, and it was therefore error to admit the testimony with reference to acts and conduct and statements made by codefendant after the homicide in the absence of the defendant. Following: Kyle v. State, 217 S. W. Rep., 943, recently decided.

**4.—Same—Argument of Counsel.**

Where the judgment was reversed and the cause remanded on other grounds, the argument of district attorney while improper need not be considered.

**5.—Same—Case Stated—Charge of Court—Burglary.**

Where, upon trial of murder and a conviction of manslaughter, the record showed that the defendant and his codefendant went to the house in which deceased was killed for the purpose of investigating the offense of gambling and possibly later to arrest parties guilty thereof, the court should not have submitted a charge on burglary by shooting into said house and injuring its inmates, as burglary was excluded from the transaction.

Appeal from the District Court of Taylor. Tried below before the Hon. Joe. Burkett, judge.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Walter L. Morris, G. L. Davenport,* and *Scott, Brelsford & Smith,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, and *J. H. Beavers,* for the State——On question of declarations of codefendants: Phelps v. State, 15 Texas Crim. App., 45; Weathersby v. State, 29 id., 278; Eggleston v. State, 59 Texas Crim. Rep., 542, 128 S. W. Rep., 1111; Long v. State, 54 Texas Crim. Rep., 55, 114 S. W. Rep., 632.

On question of reproduction of testimony: Robertson v. State, 63 Texas Crim. Rep., 216, 142 S. W. Rep., 533; Patterson v. State, 63 Texas Crim. Rep., 297, 140 S. W. Rep., 1132; Kirkpatrick v. State, 57 Texas Crim. Rep., 17, 121 S. W. Rep., 511.

DAVIDSON, PRESIDING JUDGE.—This conviction was for manslaughter, the punishment being assessed at two years.

The homicide occurred in Eastland County, but was tried in Taylor County on a change of venue.

The evidence discloses that appellant and Berry Nalls, State rangers, stationed at Ranger, Texas, were informed that a certain place, or in a certain house, there was gambling. They proceeded to the designated place to make an investigation, and for the further probable purpose of arresting any parties who might be so engaged. Reaching this place they found the house closed and parties on the inside. What they heard induced them to believe that gambling was in progress. They undertook to enter the house. One of them undertook to push the door open, and for this purpose inserted his hand and part of his arm on the inside of the door with a view of opening the door that they might enter. Some one on the inside of the house pressed the door back against his arm and fastened it so he could not obtain release. It is claimed that this

caused pain. Before the arm was released some one on the inside of the house struck the arm with an instrument of some character which caused pain. A shot was fired by one of the defendants into the room from the outside. After entering, one of the occupants was shot and later died. This shot is supposed to have been fired by Nalls. Richburg, who was killed, and the witness McGill, the other party who was in the house, seem to have been partners in the mercantile business, and were in the room at the time. These parties were not gambling but counting money they had taken in as proceeds from sales in their mercantile business during that and preceding days.

The matter of this trouble underwent an investigation before a coroner's inquest or examining trial of some character, and both defendants were called before the court of inquiry and made statements. Their testimony was reproduced before the trial jury. Nalls and appellant were not warned but made their statements in regard to the facts that occurred at the time of the trouble. Various objections were urged to this testimony, among others, that they were not warned. Both were then arrested for the homicide. This arrest grew out of and was incident to this transaction and their testimony. We think the objections should have been sustained. Whether they were under arrest or not, under the circumstances of this case, would make but little, if any, difference. They were not warned, but made these statements before the justice of the peace, and were not warned of the consequences that might arise to them by virtue of the testimony. The evidence of Nalls could not be used against the defendant Bloxom, given before that court or in that investigation, nor could the testimony of appellant be used against himself under the circumstances stated. If appellant had been sworn and testified as a witness, he should have been warned that the testimony might be used against him. If not warned, his testimony could not be used against him whether he was sworn or not. He was suspected of the killing, and was called upon to testify in regard to the facts attending the killing under this suspicion. It seems from the evidence that Nalls, the associate ranger, did in fact do the shooting that caused the killing, the theory of the prosecution being that although appellant did not kill deceased he was responsible by reason of his presence and acting with Nalls in the transaction. This was the theory of the State, and it was evidently the theory of the trial judge as shown by his charge given the jury. Nalls' testimony in no event could be used against the defendant. This question underwent a thorough investigation by this court in Wood v. State, 22 Texas Crim. App., 431. That case has been followed in a number of decisions, and is now the well settled rule. If appellant had been a witness in the examining trial and had taken the stand as such, and his testimony there given had been reduced to writing, it might be evidence against him provided he had been previously warned; but this

could not be so where he was suspected of the crime and was un-warned at the time he made the statement. There was no charge pending against him, but there was an examination into the matter to ascertain and locate the blame, if any, that brought about the killing, and to fasten the facts upon some party who was or might be responsible. Appellant was one of the parties at the killing and was known to be present. This is emphasized by our recent statute as amended with reference to confessions and statements of this character where the parties are arrested, or where they are sus-pected of crime, and their statements are proposed to be used against them, they must be reduced to writing after due warning, and signed as required by the statute. This error will require a reversal of this judgment.

There was also testimony introduced to which exception was re-served. Some of this testimony was of a direct nature and some impeaching in its character. Several matters of this kind occurred, and the court sought to control it by verbal instructions over ap-pellant's objection. Upon another trial if this character of testi-mony becomes legitimate and is introduced, the limitation placed upon the effect of it by the court should be in writing. The statute requires charges to the jury to be given in writing. It does not authorize verbal instructions in a felony case. Proper exceptions were reserved.

There are several bills of exceptions reserved to testimony and acts and conduct and statements of Nalls after the homicide. Without taking up these bills as they occur, except in the most general way, if upon another trial such testimony is introduced, the proper predicate must be laid, and it must be shown that appellant was present and not under arrest, and in such position that he was called upon to deny the statements, and to show that he heard them. If appellant was under arrest, the statements of Nalls were inadmissible and could not be used against him. Kyle v. State, 217 S. W. Rep., 943, recently decided. Nor could the acts and declarations of parties engaged in the homicide be used except as against the party making them, the transaction being complete. Cox v. State, 8 Texas Crim. App., 254. The Cox case has been fol-lowed in all subsequent cases. If under arrest and present when statements were made no criminative fact stated by Nalls could be used against appellant, even if made in his hearing, he being un-warned. Kyle v. State, *supra.*

A bill of exceptions was reserved to the argument of the district attorney. We deem it unnecessary to discuss that matter as it will not be permitted to occur upon another trial. Such arguments will be avoided.

The court also charged the jury with reference to burglary. This 'harge was not called for by the facts. The testimony does not in-dicate from any standpoint that appellant and Nalls, or either of

them, went to the place where the homicide occurred for the purpose of committing burglary. They went there to investigate the matter as to gambling, and possibly later to arrest any parties they found so engaged. Upon another trial the charge of burglary should be omitted. This was of a material character as it would constitute a homicide in the perpetration of such crime of burglary. If they went to the place for the purpose of committing burglary, it would place them in the attitude of being serious violators of the law, the punishment for which would have been a penitentiary offense. This record excludes that theory.

There are other bills of exception, but they are so incomplete we deem it unnecessary to discuss them.

For the reasons indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*