ROOSTER HILLIARD v. THE STATE.

No. 5831.   Decided May 26, 1920.

**1.—Robbery—Firearms—Evidence—Confession—Question of Fact.**

If, in fact, the money recovered was that of the person alleged to have been robbed, the declaration of the defendant leading to the discovery of the money was admissible, although made while under arrest without warning, although induced by promises, and not reduced to writing. Following Jones v. State, 50 Texas Crim. Rep., 329, and other cases. Since, however, this depended upon the identity of the money found with that which was stolen, it was incumbent upon the State to prove such identity, and this question should have been submitted to the jury. Following Bagley v. State, 3 Texas Crim. App., 166, and other cases.

**2.—Same—Confession—Identity of Property—Controverted Issue—Charge of Court.**

Where the single fact which would render the confession or declaration of defendant admissible, was the identity of the property found with that which is alleged to be stolen, and this was controverted, it was the duty of the court upon request by defendant to submit to the jury this question of fact. Following Doss v. State, 28 Texas Crim. App., 506, and other cases.

**3.—Same—Evidence—Property Found—Declaration by Defendant.**

Where the pistol found by the sheriff, after defendant's arrest, was stated by the defendant as the one that was used in the robbery, such declaration was inadmissible in evidence as the defendant was not warned, etc. Following Wiseman v. State, 33 Texas Crim. Rep., 383, and other cases.

**4.—Same—Misconduct of Jury—Evidence Outside of Record.**

Where the motion for new trial supported by affidavit made it appear that the jury in their retirement were informed that defendant's co-defendant had been convicted of the same offense, and was discussed by members of the jury before they arrived at the verdict, or reached the conclusion that defendant was guilty, a new trial should have been granted. Following Tutt v. State, 49 Texas Crim. Rep., 202, and other cases.

Appeal from the District Court of Matagorda. Tried below before the Honorable M. W. Munson.

Appeal from a conviction of robbery with firearms; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*W. S. Holman, C. M. Gaines* and *Styles, Krause & Erickson*, for appellant:—On question of identify of money: Lauderdale v. State, 19 S. W. Rep., 679; Lopez v. State, 12 Texas Crim. App., 27.

On question of permitting sheriff to testify why he discharged party under arrest: Johnson v. State, 218 S. W. Rep., 496.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant is condemned to confinement in the penitentiary for a period of five years for the offense of robbery with firearms. Appellant and Zara Bouldin were jointly indicted for robbing John Weldon of $51 in money. The appellant and Bouldin were separately tried. Weldon had in his possession $51, and while in company with Bouldin at night, the robbery occurred. A person not identified presented a pistol, and ordered Weldon and Bouldin to deposit in a hat, which the assailant produced, their money. Bouldin pretended to put in the hat money in his possession, and Weldon deposited $51 therein.

The theory of the State was that Bouldin and appellant were acting together, and the State depended upon circumstantial evidence to identify the appellant, one of the circumstances relied upon being the declaration of appellant made to the sheriff while under arrest. The declaration was not in writing, and was not brought within the requirements of Article 810, C. C. P. There was a conflict between the testimony of the sheriff and the appellant touching the circumstances under which the statement was made, and with reference to the substance of the statement. It is the contention of the appellant that the declaration was rendered inadmissible because it was a verbal statement made to the sheriff without warning while under arrest, and was induced by promises and persuasion. This is met by the claim that the statement led to the recovery of the fruits of the crime.

Weldon, the injured party, had before the offense received from the sheriff $53, consisting, according to the sheriff's testimony, of two twenty dollar bills and thirteen one dollar bills. The sheriff said that

appellant told him where he would find the money, and that he, in company with appellant, went to the home of appellant's father and found under the house $48, consisting of thirteen one dollar bills, a ten dollar bill, a five dollar bill, and a twenty dollar bill. According to the State's testimony, there were no pecularities about the money which served to identify it. Appellant claimed that before the money was obtained the sheriff described it as having certain peculiarities. which were not observable in the money secured. Appellant, in his testimony, said that the sheriff represented to him that certain witnesses, whom he named, were going to swear to facts which would convict the appellant of the offense, but that if he could get the money which Weldon had lost the matter would be hushed up and the appellant released; that he then told the sheriff in substance that he had not committed the offense, but that he had some money which he had earned, and which he had hid on the sill of his father's house, and that he would go with him and get the money mentioned, as he was willing to surrender it to secure his release; that the inducement for this was his reliance on the promise of release and belief of the statement made to him by the sheriff that he had witnesses who would prove his guilt, although in fact he had not committed the crime. He supported his testimony as to the ownership of the money by the evidence of his father.

If, in fact, the money recovered was that of which Weldon was robbed, the declaration of the appellant leading to the discovery of the money was admissible, although made while under arrest without warning, and although induced by promises, and not reduced to writing. Jones v. State, 50 Texas Crim. Rep., 329; Branch's Crim. Law, Sec. 222. Since, however, the admissibility of his confession or declaration depended upon the identity of the money found with that which was stolen, it was encumbent upon the State to prove such identity. This proof might be made by circumstances, but, being controverted, it was a question for the jury. Bagley v. State, 3 Texas. Crim. App., 166; Hooten v. State, 53 Texas Crim. Rep., 6; Lynn v. State, 53 Texas Crim. Rep., 376; Doss v. State, 28 Texas Crim. App., 50; Davis v. State, 68 Texas Crim. Rep., 400, 152 S. W. Rep., 1096; Branch's Annotated Penal Code, Sec. 2482. That the evidence showing the description of the money found and that which was stolen, standing alone was insufficient to establish the identity is obvious There was a difference in the aggregate amount, and in the denomination of the bills. Johnson v. State, 36 Texas Crim. Rep., 394; Wayland v. State, 218 S. W. Rep., 1068, and authorities therein referred to. The single fact which would render the confession or declaration of the appellant admissible being the identity of the property found with that stolen, and this being controverted, it was the duty of the court, upon request of the appellant, to submit to the jury this question of fact, and make the admissibility of the confession dependent

upon its solution by the jury. Doss v. State, 28 Texas Crim. App., 506; Davis v. State, 68 Texas Crim. Rep., 406, 152 S. W. Rep., 1096; Branch's Crim. Law, Sec. 236. The special charges requested upon the subject, while not wholly accurate, we think, in connection with the exceptions to the court's charge and other matters in the record, were sufficient to require the court to give an appropriate instruction to the jury upon the subject.

The sheriff obtained a pistol from the home of appellant's father. Both the appellant and his father testified that the pistol had been placed in the house before the robbery, and had not been removed, and was not used in committing the offense. The sheriff testified that he exhibited the pistol to the appellant, and that he admitted that it was the pistol used in the robbery. This declaration was made while the appellant was under arrest, unwarned, was not reduced to writing. and, in our judgment, was erroneously admitted over the objection of the appellant. As we understand the record, the pistol was not found by reason of any declaration made by the appellant, but the declaration testified to was made after the pistol had been found at the home of appellant's father. Wiseman v. State, 33 Texas Crim. Rep., 383; Musgrave v. State, 28 Texas Crim. App., 57; Walker v. State, 2 Texas Crim. App., 326.

By motion for a new trial, supported by a statement of facts duly certified and filed during the term, it is made to appear that the jury in their retirement were informed that Zara Bouldin, the co-indictee with appellant, had been convicted and his punishment assessed at confinement in the penitentiary for a period of five years; that the same was made the subject of some discussion by members of the jury before they arrived at a verdict, and before they reached the conclusion that appellant was guilty. This ground of the motion for a new trial should have been sustained. Tutt v. State, 49 Texas Crim. Rep., 202; Morawitz v. State, 49 Texas Crim. Rep., 366; Horn v. State, 50 Texas Crim. Rep., 404; McDougal v. State, 81 Texas Crim. Rep., 179, 194 S. W. Rep., 947. Some other questions raised will doubtless not occur on another trial. See Bouldin v. State, this day decided.

The errors pointed out require a reversal of the judgment, which is ordered.

*Reversed and remanded.*