PHILIP BOONE v. THE STATE.

No. 7855.   Decided March 12, 1924.

**Manufacturing Intoxicating Liquor—Accomplice—Corroboration—Confession —Rule Stated.**

It is a general rule that a confession of the co-principal made after the completion of the offense and after the common design has been accomplished or abandoned, is not admissible against the co-defendant, and while there are exceptions to this rule the facts in the instant case did not bring it within any of such exceptions and the judgment must be reversed and the cause remanded. Following Garcia v. State, 88 Texas Crim. Rep., 605, and other cases.

Appeal from the District Court of Matagorda.   Tried below before the Honorable M. S. Munson.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. S. Holman,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The offense is the manufacture of intoxicating liquors; punishment fixed at confinement in the penitentiary for two years.

The appellant and one, Henry Vandiver, were tried together. Both plead not guilty, but during the progress of the trial, Vandiver withdrew his plea of not guilty and entered a plea of guilt. After his arrest, Vandiver made a statement to the sheriff admitting his connection with the manufacture of whisky and conducted the sheriff to a point at which the still was found. Vandiver's written confession was introduced in evidence. In it he connected the appellant with himself as a principal in the manufacture of whisky. A written statement made by the appellant was also introduced. He testified denying the offense and challenging the voluntary character of the written statement or confession signed by him on the ground that he was coerced by the sheriff into making it. There was other testimony tending to show an alibi and to combat the testimony connecting appellant with the offense.

The issues of principal offender and alibi were submitted to the jury in an appropriate manner. The rule of accomplice testimony was applied to Vandiver and the voluntary nature of the appellant's confession was passed on to the jury for decision. Aside from the confessions of Vandiver and the confession of the appellant, we have discerned no evidence corroborating the testimony of Vandiver connecting the appellant with the offense. Under the statute, the conviction could not rest upon the testimony of Vandiver alone for the reason that he was an accomplice witness. The court correctly so instructed the jury. Art. 801, C. C. P. Appellant's confession was available for the purpose of corroboration provided it was made in compliance with the statute laying down the conditions under which a confession made by one while under arrest may be received, (Art. 810, C. C. P.). Whether it was so made was a question of fact strenuously controverted by the appellant's testimony to the effect that he was forced by threats to sign the confession. In the manner in which the case was tried, the jury might have determined that appellant's confession was involuntary, and yet convicted him upon the assumption that Vandiver was sufficiently corroborated by his own confession. Prompt and proper objection was made to the use of Vandiver's confession against the appellant. It is a general rule enforced by many decisions of this court that the confession of a co-principal made after the completion of the offense and after the

common design had been accomplished or abandoned, is not admissible against his co-defendant. Wright v. State, 37 Texas Crim. Rep., 627; Sessions ·v. State, 37 Texas Crim. Rep., 66; Vernon's Tex. Crim. Stat., Vol. 2, p. 757, note 13; Choice v. State, 52 Texas Crim. Rep., 287; Bouldin v. State, 87 Texas Crim. Rep., 419; Kyle v. State, 217 S. W. Rep., 943; Bloxom v. State, 86 Texas Crim. Rep., 562; Conch v. State, 58 Texas Crim. Rep., 505; Overstreet v. State, 67 Texas Crim. Rep., 565. There are exceptions to this rule, but the facts of the present case did not bring it within any of such exceptions. Zumwalt v. State, 5 Texas Crim. App., 521; Garcia v. State, 88 Texas Crim. Rep., 605; Blake v. State, 81 Texas Crim. Rep., 87.

It is believed that in permitting the use of the confession of Vandiver against the appellant, the learned trial judge fell into error which, under the record before us, was of such importance as requires a reversal of the judgment, which is ordered.

*Reversed and remanded.*