R. D. WEBB AND E. J. AUGEROT V. THE STATE.

No. 9589.    Delivered December 2, 1925.

**1.—Transporting Intoxicating Liquor — Evidence — Displaying Whiskey — Not Improper.**

Where on a trial for the transportation of intoxicating liquor, there was no error shown in bringing the whiskey which had been properly identified into the presence of the jury, and placing it in the presence of the jury during the trial. Following Rueda v. State recently decided by this court, and unreported.

**2.—Same—Evidence—Properly Admitted.**

It having been shown that the drug store of witness Oliver had been burglarized, and whiskey and other articles taken therefrom, there was no error in permitting witness Oliver to testify that just a short time prior to the burglary of his store, appellant Webb was standing close to him, while he was operating the combination on his safe, from which the

whiskey, found in possession of appellant, was missing. This evidence was cogent and natural, and properly admitted.

3.—Same—Evidence—Properly Received.

On a trial for transporting intoxicating liquor, it was proper to admit testimony of the burglary of a drug store, and of the possession by appellants of whiskey and other articles stolen from said drug store, all of which tended to establish the main fact sought to be established, that is, transportation of whiskey by appellants.

4.—Same—Confession of Defendant—When Admissible.

It is the well established rule in this State that an oral confession made by the accused which leads to the recovery of stolen property, is admissible, and it is not necessary that such confession was made after a warning nor that it was made in writing. See Art. 727 C. C. P. 1925, Vernon's C. C. P. Art. 810.

Appeal from the District Court of Potter County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty of each appellant assessed at two years in the penitentiary.

The opinion states the case.

*Reeder & Reeder,* of Amarillo, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellants were convicted in the District Court of Potter County of the offense of unlawfully transporting intoxicating liquor, and the punishment of each assessed at two years in the penitentiary.

This court has not been furnished with a brief by the appellants, but we find in the record 14 bills of exceptions.

Briefly stated the record discloses the facts to be that the appellants on the night of the alleged offense in Amarillo, Texas, were at a cafe with Carter Bledsoe and Leonard Ramey, and that just before appellants left said cafe, appellant Webb, the owner of the automobile in question, told Bledsoe and Ramey to come around to Taylor street and pick them up, and that after appellants left the cafe, said Ramey and Bledsoe got in appellant Webb's car and drove around to said street, picked up appellant Augerot, and in going down the street back of Oliver's drug store, discovered appellant Webb coming out of said drug store with several packages in his hands and arms which he put into the automobile, and remarked let's get away from here. After appellant Webb got into the automobile they drove out of town about four miles, where the car was stopped

and appellants got out and took said packages out, carried them down a draw and when the said appellants returned to the car where Bledsoe and Ramey remained, they only had one bottle of whiskey with them. All of said parties got into the car and returned to Amarillo. and said appellants went to the house of one Mrs. Pegues in an intoxicated condition. They carried about 15 packages with them and she insisted that they take said packages out and remove said car from in front of her house, which they did. The following morning Augerot was arrested at the house occupied by Webb by the officers, and found with some whiskey on him and other articles of the kind that were missing from said Oliver's drug store, and the officers in searching said premises found about 15 bottles of whiskey in the garage on said premises, of same brand and kind missing in said drug store. This is a sufficient statement of facts for a discussion of this opinion.

Complaint is made in bill of exception 1 to the court in permitting the State to bring the whiskey in question in the presence of the jury and place same upon the table in view of the jury. There is no merit in this contention. The State's witness properly identified the whiskey that was introduced in evidence and there is no error in having same placed in view of the jury during said trial. Agapito Rueda v. State, recently decided by this court and unreported.

Complaint is made to the action of the court in permitting the State to prove by the witness Oliver, owner of the drug store in question, that just a short time prior to the burglarizing of his store in question, appellant Webb was standing close to him while he was operating and working the combination on his safe from which the whiskey was missing. We are of the opinion that there is no error shown in this particular, as this evidence tended to connect the appellant Webb with the alleged burglary of the store from which the said whiskey was taken.

Applicant complains in bills of exceptions to the court's permitting the State to show by evidence of burglarizing of the drug store in question, and the missing of the whiskey therefrom, and the missing of a watch, face powders, and Jamaica ginger, and the proof of finding face powders and Jamaica ginger in possession of appellant Augerot of the kind that was kept in said drug store, and as to the testimony of Mrs. Pegues relative to the. appellant's coming to her house and having packages on the night of the alleged burglary and her requesting that they take said packages away, because it is

contended that all of said testimony was prejudicial and. unnecessary to show the transporting of the whiskey in question by the appellants. We are of the opinion that all of said bills raising said questions and similar questions show no error and are without merit, because said evidence connects the appellants with the offense of the transporting the whiskey in question, and that it was permissible for the State to show by said testimony the entire transaction and appellant's connection therewith.

There is complaint made to the action of the court in permitting the State to introduce a confession made by the appellant Augerot to the officers, because it is alleged that it was not shown that he was properly warned and was not reduced to writing. There is no merit in this contention because this evidence came fully within the exception of the Statute which provides that where the secreted stolen property is found as a result of said confession, it is not necessary to show warning or a written confession. Art. 727, C. C. P. 1925 Revised Penal Code; Vernon's C. C. P. Art. 810. In this instance the testimony of the officers showed that from the confession received they found one bottle of whiskey in question where appellant told them they had placed it. The court in his charge to the jury properly limited said confession to the question of guilt or innocence of Augerot alone, and instructed the jury they could not consider same as any evidence against appellant Webb.

After careful examination of the entire record we are of the opinion that there is no error shown in the trial of this case, and the judgment of the trial court should be affirmed, and it is accordingly so ordered.                    *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.