LUTHER BEASLEY V. THE STATE.

No. 22088. Delivered April 29, 1942.
On Motion to Reinstate Appeal May 27, 1942.
Motion for Rehearing Overruled (Without Written
Opinion) June 24, 1942.

The opinion states the case.

*Alex P. Pope,* of Tyler, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of a violation of the local option liquor laws of Cherokee County, and his punishment assessed at a fine of $600.00.

There does not appear in the record of the minutes of the trial court any notice of appeal to this court. It is shown by a supplemental transcript that there was a notice of appeal entered on the judge's trial docket, but same does not appear to have been passed into the minutes of the court.

Art. 827, C. C. P. reads in part as follows:

"An appeal is taken by giving notice thereof in open court at the term of court at which conviction is had, and having the same entered of record. * * *."

We early held in the case of Long v. State, 3 Tex. Ct. App. 321, that the entry on the judge's docket will not supply the place of, nor supersede the necessity for, an entry upon the record. Forrest v. Rawlings, 40 Texas, 502; Bryson v. State, 20 S. W. (2d) 1047.

Again in Thackerson v. State, 26 S. W. (2d) 241, it was held that a copy of docket entry in the record on appeal was an insufficient notice of appeal, and many other cases in Pocket Edition, Vol. 3, Vernon's Code of Criminal Procedure, under Art. 827.

The appeal is therefore dismissed.

### ON MOTION TO REINSTATE APPEAL.

KRUEGER, Judge.

The record having been perfected by the filing of a supplemental transcript, accompanied by a motion to reinstate the appeal, the motion is granted, the appeal is reinstated, and the case will now be considered on its merits.

Appellant's first contention is that the court erred in overruling his motion to quash the jury panel on the ground of racial discrimination. The record, in so far as it relates to this question, is in the same condition as that in cause No. 22,087, this day decided; (Page 369 of this volume) and for the reasons there assigned his contention is overruled.

Appellant's next contention is that the court erred in permitting the County Attorney to place a large quantity of liquor upon the judge's bench in the presence of the jury, to which he objected because the same was prejudicial to his rights. The court overruled the objection and appellant then and there excepted. This bill is qualified by the court who states in his qualification that the liquor presented was that which the sheriff found in the possession of the defendant, Luther Beasley, and which was introduced as evidence in this case to show that appellant possessed the whisky for the purpose of sale. Appellant having accepted the bill as qualified, he is bound thereby. It is our opinion that the quantity of liquor introduced was admissible to show the purpose for which appellant possessed the same. See Webb et al v. State, 102 Tex. Cr. R. 360.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The. foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.