Opinion issued January 12, 2006





                                                            


 


     
In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00237-CR
____________

RAY ANTHONY DUVALL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 344th District Court
Chambers County, Texas
Trial Court Cause No. 13254


                                                                              


O P I N I O N

          A jury convicted appellant, Ray Anthony Duvall, of possession of marihuana
in an amount of 50 pounds or less, but more than five pounds. See Tex. Health &
Safety Code Ann. § 481.121 (Vernon 2003). Upon appellant’s plea of true to the
prior felony offense of manslaughter, the trial court assessed appellant’s punishment
at 10 years in prison and a $1,500 fine. We determine whether the evidence was
legally sufficient to show venue and knowing or intentional possession of the
marihuana. We affirm.

Facts

          On August 19, 2001, Baytown Police Department officers were conducting
surveillance at the La Quinta Inn in Baytown, Harris County, Texas. Individuals,
including appellant, came in and out of the hotel room and appeared to be waiting for
something.


 At one point, the officers observed appellant leaving the room with what
appeared to be an empty duffle bag. When appellant returned, he was carrying the
same duffle bag, which now appeared to contain a heavy object. A “flurry of
activity” by the room’s occupants followed appellant’s return, including the throwing
away of dog and cat repellent in a trash can located right outside the room’s door.


 
An officer then observed appellant placing the same duffel bag, which still appeared
to be “full” and “heavy,” into the trunk of a Honda Accord. The flurry of activity
continued. Appellant and three other individuals from the hotel room eventually got
into appellant’s Suburban and left the hotel; another individual from the hotel room
drove away in the Honda Accord. The two vehicles were traveling together, in
tandem.


 One of the officers who witnessed the vehicles traveling this way had
previously observed drug carriers travel in tandem.

          The two vehicles traveled east on Interstate Highway 10 (“I-10”) and stopped
briefly at a truck stop in Harris County, during which stop nothing was placed into
the Honda Accord. The vehicles left and again headed east on I-10, into Chambers
County, Texas. The officers stopped the Suburban on a portion of I-10 that was in
Chambers County. The Suburban did not contain any luggage, clothing, or overnight
bags, the absence of which was a characteristic of a short turn-around trip by
narcotics carriers. Officers also stopped the Honda Accord in Chambers County, near
where the Suburban was stopped. The Honda Accord did not contain any luggage or
clothing, but officers found in the vehicle’s trunk the duffel bag that appellant had
previously placed there. Dog and cat repellant had been sprinkled all over the inside
of Honda Accord’s trunk in what appeared to be an attempt “to mask the odor of
marihuana.” Inside the duffel bag, the officers found several cellophane-wrapped
packages containing over 20 pounds of marihuana that appeared to be packaged for
transport.

Sufficiency of the Evidence

          In his first and second points of error, appellant argues that the trial court erred
in denying his motion for instructed verdict because the evidence was legally
insufficient to show venue in Chambers County and to show that appellant
intentionally or knowingly possessed the marihuana as either a principal or as a party.

          We construe a challenge to a trial court’s denial of a motion for instructed
verdict as a challenge to the legal sufficiency of the evidence. See Canales v. State,
98 S.W.3d 690, 693 (Tex. Crim. App. 2003). In a legal-sufficiency review, we view
the evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt (or, for venue, whether any rational trier of fact could have found,
by a preponderance of the evidence, that the offense occurred in the county alleged). 
King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000); Johnson v. State, 23
S.W.3d 1,7 (Tex. Crim. App. 2000); see Murphy v. State, 112 S.W.3d 592, 604, 605
(Tex. Crim. App. 2003) (setting out State’s burden to prove venue and reviewing
matter for sufficiency of evidence). We must not substitute our own judgment for
that of the fact finder, which is entitled to believe all, some, or none of any witness’s
testimony. See Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996); Sharp
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

A.      Venue

          Appellant devotes most of his first point of error to challenging the trial court’s
denial of his motion for instructed verdict for improper venue.


 Specifically,
appellant argues that all of his individual actions, including those that could make
him liable as a party to the offense, occurred in Harris County, not Chambers County. 
From this position, appellant asserts that he could not be charged with any offense
occurring in Chambers County because (1) he was only a party to the possession
offense to the extent that it occurred in Chambers County and (2) a party to the
offense may be prosecuted only in the county in which his “party-predicate”
acts—that is, those acts that solicited, encouraged, directed, aided, or attempted to aid
another to commit the offense—occurred, rather than in the county in which the
offense actually occurred.

          “An offense of possession or delivery of marihuana may be prosecuted in the
county where the offense was committed or with the consent of the defendant in a
county that is adjacent to and in the same judicial district as the county where the
offense was committed.” Tex. Code Crim. Proc. Ann. art. 13.22 (Vernon 2005). 
The State must prove venue by a preponderance of the evidence. Murphy, 112
S.W.3d at 604. Proof of venue may be established by direct or circumstantial
evidence. Sixta v. State, 875 S.W.2d 17, 18 (Tex. App.—Houston [1st Dist.] 1994,
pet. ref’d). Evidence is sufficient to establish venue if the jury could reasonably
conclude from the evidence that the offense occurred in the county alleged. 
Couchman v. State, 3 S.W.3d 155, 161 (Tex. App.—Fort Worth 1999, pet. ref’d). 

          The jury was charged on the law of parties. Under the law of parties, a person
is criminally responsible for the conduct of another if, “acting with intent to promote
or assist the commission of the offense, he solicits, encourages, directs, aids, or
attempts to aid the other person to commit the offense.” Tex. Pen. Code Ann. §
7.02(a)(2) (Vernon 2003). “The evidence must show that, at the time of the offense,
the parties were acting together, each contributing some part toward the execution of
their common purpose.” McKinney v. State, Nos. 01-03-00565-CR, 01-03-00734-CR,
01-03-00735-CR, 2005 WL 327145, at *7 (Tex. App.—Houston [1st Dist.] Feb. 10,
2005, pet. granted) (citing Ransom v. State, 920 S.W.2d 288, 302 (Tex. Crim. App.
1994)). “In determining whether a defendant participated in an offense as a party, the
factfinder may examine the events occurring before, during, and after the commission
of the offense and may rely on actions of the defendant that show an understanding
and common design to commit the offense.” Id. 

          We hold that a jury could rationally have concluded that appellant’s possession
as a party occurred in Chambers County. Appellant admits that he has found no
authority holding that one must be prosecuted as a party in the county in which the
party-predicate acts occurred, as opposed to in the county in which the offense itself
occurred, and we have found no such authority. Indeed, the law has expressly been
to the contrary for 112 years.


 See Carlisle v. State, 21 S.W. 358, 358-59 (Tex. Crim.
App. 1893) (holding that accomplice could be prosecuted in county X, where
principal committed charged offense, although accomplice’s acts occurred only in
county Y: under agency theory, principal’s acts in county X were deemed to be acts
of accomplice in county X); accord, e.g., Baker v. State, 62 S.W.2d 132, 135 (Tex.
Crim. App. 1933) (op. on reh’g); Fondren v. State, 169 S.W. 411, 416 (Tex. Crim.
App. 1914); Burkhalter v. State, 655 S.W.2d 215, 221 (Tex. App.—Corpus Christi
1982), pet. dism’d, 655 S.W.2d 208 (Tex. Crim. App. 1983); see Carbough v. State,
93 S.W. 738, 739-40 (Tex. Crim. App. 1906) (noting holding in Carlisle). 

          We overrule this portion of appellant’s first point of error.

B.      Possession

          In his second point of error, appellant claims that the trial court erred in
denying his motion for directed verdict because there was legally insufficient
evidence to show that he knowingly or intentionally possessed the marihuana. Under
the remaining portion of his first point of error, appellant argues that there was legally
insufficient evidence to show that he was a party to the offense.

          By statute and under the indictment here, the State had to prove beyond a
reasonable doubt that appellant intentionally or knowingly possessed a usable
quantity of marihuana that was 50 pounds or less, but more than five pounds. See
Tex. Health & Safety Code Ann. § 481.121(a), (b)(4) (Vernon 2003). 
“‘Possession’ means actual care, custody, control, or management.” Tex. Pen. Code
Ann. § 1.07(a)(39) (Vernon Supp. 2005). To convict an accused of unlawful
possession of a controlled substance, the State must prove that the accused (1)
exercised care, custody, control, or management over the contraband and (2) knew
that the matter was contraband. Gilbert v. State, 874 S.W.2d 290, 297 (Tex.
App.—Houston [1st Dist.] 1994, pet. ref’d). The accused’s mere presence at a
location at which narcotics are also present and over which he does not exercise sole
control does not necessarily establish possession; rather, some evidence must also
affirmatively link him to the contraband. McGoldrick v. State, 682 S.W.2d 573, 578
(Tex. Crim. App. 1985). The law of parties, on which the jury was charged, is set out
above.

          We hold that the evidence set out above—including, for example, that
appellant carried a bag that appeared heavy to and from a hotel room in or
immediately outside of which scent-masking residue and marihuana residue were
found, that he placed that same bag into the Honda Accord’s trunk, that that same bag
contained over 20 pounds of marihuana when removed from the trunk, that nothing
else had been placed in the Honda Accord’s trunk when the vehicles had stopped
shortly before, that the Honda Accord’s trunk was lined with cat and dog repellant in
an apparent effort to mask the marihuana’s odor, that the vehicles traveled in tandem
in a way that drug transporters might, and that neither vehicle contained any luggage
or clothing—sufficiently proved both knowing or intentional possession and party
status.




          We overrule appellant’s second point of error and the remainder of his first
point of error.

 
                                                             Conclusion

We affirm the judgment of the trial court.

 
 
                                                             Tim Taft

                                                             Justice

                                                   

Panel consists of Justices Taft, Keyes, and Hanks.



Publish. See Tex. R. App. P. 47.2(b).